### Jim Scott v. State.

No. 2078.   Decided November 27, 1912.

**Local Option—Sale—Insufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was not sufficient to establish a sale, the conviction could not be sustained. Harper, Judge, and Prendergast, Judge, agreeing to reversal upon another ground.

Appeal from the County Court of Red River.   Tried below before the Hon. George Morrison.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.   .

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

The evidence for the State discloses through the witness Baker about as follows: On the morning of February 20, 1911, appellant approached the witness where he was working in the store for George McCulloch in Clarksville, Texas, and asked witness to let him have 50 cents. Witness replied, "What would that be to me?" and appellant answered, "Well, let me have the 50 cents," to which witness again replied, "What would that be to me?" Appellant then replied that he was going to get some whisky and that he would let witness have some of it for the 50 cents. Witness then let appellant have the 50 cents; appellant took it and went away, and later during the day —about 12 o'clock, noon—appellant came back with a quart bottle half full of alcohol. Witness examined it and knew it was alcohol. Witness then told appellant that he wanted whisky; appellant told the witness he had no whisky; that alcohol was all he had and that witness could have it if he wanted it. Witness asked appellant for his 50 cents. Appellant replied that he did not have 50 cents, but that witness could have the alcohol in place of the 50 cents if he wanted it. Witness then told appellant to go ahead, and that he would see appellant later. Appellant then went off down the street and into a negro pool hall. Witness further testified that he saw those negroes were going to get all of defendant's alcohol, and that he, witness, would get nothing for his 50 cents; that he immediately followed appellant and found him in a little store in the rear of the negro pool hall, in company with some other negroes; that he walked up to defendant and took the bottle of alcohol out of defendant's pocket; that the defendant made no resistance, but stood still and grinned; that one of the negroes, Arnett Jones, grabbed for the alcohol and tried to take it away from witness, and witness and Jones had a scuffle over the alcohol, but witness finally got away with it and carried it to Mr. McCulloch's barn, and during the evening and night witness drank all of it. On cross-examination he stated the facts above are true; that there was no understanding between witness and defendant that the defendant should bring him back any particular quantity of whisky; that defendant had never paid witness back the 50 cents; that witness did not expect him to do so. The State next introduced Bud Totten, who testified that he did no see Henry Baker get any liquor from the defendant, and knew nothing about the transaction. The State here closed its case, except to prove that local option was in effect. Arnett Jones was then introduced by the defendant, who stated that on the morning of February 20, 1911, that he was in the negro pool hall at Clarksville, in company with some other negroes, and that this negro, the defendant, came in and gave witness Arnett a pint bottle full of alcohol, and that witness and the other negroes drank it; that there were present besides himself Ben Johnson, Babe Johnson, and the defendant. That while they were all in the pool hall the negro, Henry Baker, ran in from the front of the house and grabbed a quart bottle which was

about half full of alcohol out of defendant's pocket; that he, witness, also grabbed at it, but Baker's hold on the bottle was the best and he got away with it and ran out of the back door, and witness did not see any more of Baker that day. That he heard nothing said about any sale of liquor by the witness Baker and the defendant, and that he saw no money pass between them. Ben and Babe Johnson testified as did Arnett Jones except Ben Johnson testified in addition that defendant made a grab for the bottle of alcohol while Jones and Baker were scuffling over it. Appellant took the stand in his own behalf and testified that it was not true that on February 20, 1911, the date set out in the information and stated by Baker, that he got 50 cents from Baker and told him that later on in the day he would bring him back some whisky for it; that Baker's whole testimony in this respect is false; that on the day mentioned he was in the pool hall with Arnett Jones, Ben Johnson and Babe Johnson and that he had a quart bottle about one-half full of alcohol in his overcoat pocket, and while he was in there Henry Baker ran in from the front door and back to where he and the other negroes were standing, and grabbing the alcohol out of his pocket, and at about the same time Arnett Jones grabbed at it and that he, defendant, also grabbed at it, and that there was a short scuffle over it; but Henry Baker's hold on it was the best and he got away with it and ran out of the back door. He also testified that about six o'clock that afternoon while defendant was going to the passenger train to meet his boss, who was coming in on the train, Baker stepped out and went to a trash barrel in front of Mr. McCulloch's store and got the bottle of alcohol out of the trash barrel, where it was hidden, and returned it to him and said, "Here is your alcohol; I have kept it for you to keep them niggers from drinking it all up from you." It was still in the bottle and looked like none of it "had been drunk up." That if any of it had been taken from the bottle from the time Baker got away from him, defendant, until he returned it, it was very little. He further testified that he did not sell any alcohol to Henry Baker or to anyone else, and that he had never at any time sold any liquor to anyone and that this is the first time he had ever been accused of so doing.

While there are some very decided contradictions in the testimony, we may take the State's evidence to the exclusion of appellant's testimony, and we are of opinion that the State has not proved a sale. Baker's testimony excludes such transaction. Take it in its strongest light, he let appellant have 50 cents with the understanding he was to get that amount of whisky in return. Appellant brought him some alcohol which he declined to have, and appellant went away, taking the alcohol with him. That Baker subsequently went to the pool hall where the negroes were and took the alcohol out of appellent's pocket does not constitute a sale. Baker does not intimate that appellant let him have the alcohol on his visit to the pool hall,

but the testimony expressly excludes that idea.  Baker testifies that he had a scuffle with Jones over it, who tried to take it away from him, and it is also shown appellant tried to get it after Baker grabbed it and started away with it.  This testimony excludes the idea of a sale.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

HARPER, JUDGE, and PRENDERGAST, JUDGE, agreeing to reversal upon another ground.—We agree to the reversal of this case but not on the ground on which it is placed.  The question of whether or not the defendant consented to the taking of the alcohol should have been submitted to the jury, and on this issue charges Nos. 1 or 2 requested should have been given.  Of course, if defendant did not consent to prosecuting witness taking the alcohol, it would not be a sale, but if after tendering it in payment of the 50 cents, and prosecuting witness refusing it, if prosecuting witness subsequently changed his mind, as he says he did, and decided to take the alcohol, and he did take it in payment of the 50 cents, with the knowledge and consent of defendant, it would be a sale, and I agree to the reversal of this case solely on the ground that this issue was not submitted, after the court was requested so to do.